1
2
3
4
5
6                    **UNITED STATES DISTRICT COURT**

7              FOR THE EASTERN DISTRICT OF CALIFORNIA

8
9    ABEL ANTONIO ELISARRAVAZ,                    Case No.  1:25-cv-00930-JLT-BAM

10                  Plaintiff,                     **ORDER TO SHOW CAUSE WHY THIS
                                                   ACTION SHOULD NOT BE REMANDED
11          v.                                     BACK TO STATE COURT FOR LACK OF
                                                   SUBJECT MATTER JURISDICTION**
12   CAREY HAYDON et al.,
                                                   **FOURTEEN (14)  DAY DEADLINE**
13                  Defendants.

14
15

16          On July 29, 2025, Plaintiff Abel Antonio Elisarravaz ("Plaintiff"), proceeding *pro se*,

17   removed this action from Madera County Superior Court.[1]  (Doc. 1.)  Plaintiff brings claims

18   against Carey Haydon, Gloria Elisarravaz, Judge Valdovinos, and Madera County Child Support.

19   (*Id.*)  On the same day, Plaintiff filed a motion to proceed *in forma pauperis*.  (Docs. 2, 4.)  On

20   August 11, 2025, the Court issued Findings and Recommendations denying Plaintiff's application

21   to proceed without prepayment of fees and costs and recommending Plaintiff be required to pay

22   the $405.00 filing fee in full to proceed with this action.  (Doc. 7.)

23          On August 8, 2025, Plaintiff filed a motion requesting that the Court expedite this action.

24   (Doc. 5.)  On August 12, 2025, the Court denied without prejudice Plaintiff's request to expedite

25   on the basis that the Court's Findings and Recommendations denying Plaintiff's application to

26   proceed *in forma pauperis* were still pending before the District Judge. (Doc. 8.)  Plaintiff has

27   ───────────────
     [1] *Elisarraraz v. Elisarraraz*, Case No. MFL018582, filed in the Superior Court of California,
28   County of Madera (the "State Court Action").

                                                    1

1    since paid the filing fee. (Doc. 9.) On August 12, 2025, Plaintiff re-filed his motion to expedite,

2    which was substantially identical to the prior motion to expedite. (Doc. 10.)

3            Having considered the matter, the Court ORDERS that **within fourteen (14) days** of the

4    date of this order Plaintiff SHALL show cause in writing why this action should not be remanded

5    back to Madera County Superior Court, pursuant to 28 U.S.C. § 1447(c), for lack of subject

6    matter jurisdiction.

7                                    **BACKGROUND**

8            Plaintiff's notice of removal indicates that the basis for removal is "violation of civil

9    rights," "vialation [sic] of 4th, 5th, 6th, 8th and 14th amendments of the Bill of Rights, the

10   Constitution." (Doc. 1 at 2.) Plaintiff's complaint asserts that the Court has federal question

11   jurisdiction over this action and lists only "28 U.S.C. § 1446" and "Civil Rights" as the federal

12   statutes or provisions of the U.S. Constitution that are at issue. (*Id.* at 6-7.)

13           Plaintiff's short but unclear statement of the claim provides that: "All defendent [sic] stole

14   and miss juice [sic] my Social Security Number and violated my right of a father To see his

15   daughter, Also violation of civil rights, False criminal charges of child support, Identity theft.

16   trying to sell my house without due process." (*Id.* at 8.) Plaintiff requests the following relief:

17   "Award the plaintiff the divorse, [sic] Dismiss False Charges, Award plaintiff $500,000 for each

18   civil right violation, Restore Father's right to see his daughter visitations 50/50 custody and file

19   criminal charges for identity theft of my Social Security Number stop the sale of my house by the

20   Court." (*Id.* at 9)

21           In Plaintiff's motion requesting that the Court expedite this action, Plaintiff states that the

22   reasons to expedite the proceedings are "severe Lost [sic] of home permanent harm. I am sole

23   proprietor of the property. They want to sell my property immediately. By the time I appeal my

24   house will be sold. Causing me permanent harm. Violating my Rights and loss of home." (Doc.

25   10 at 2.) Plaintiff attached to the motion to expedite a proof of payment of the filing fee, dated

26   August 11, 2025; an Interspousal Transfer Deed, dated July 27, 2012; a Grant Deed, dated July

27   27, 2012; and the Findings and Order in the State Court Action, dated July 30, 2025. (Doc. 10 at

28   3-10.)

As far as the Court can determine, Plaintiff appears to be challenging the Findings and Orders issued by the Madera County Superior Court on July 30, 2025 regarding the disposition of marital assets, as well as his custody arrangement and divorce proceedings more generally. (Docs. 10 at 8-10; Doc. 1 at 8-9.)  Plaintiff does not allege the specific involvement or actions of any of the named defendants.

## DISCUSSION

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.[2] *Kokkonen v. Guardian Life Ins. Co*., 511 U.S. 375, 377 (1994).  "Jurisdiction is a threshold inquiry that must precede the adjudication of any case before the district court." *Chavez v. Chavez*, No. 2:24-CV-0808-DC-SCR, 2024 WL 4678921, at *1 (E.D. Cal. Nov. 5, 2024) (issuing an Order to Show Cause why Plaintiff's challenge to a marital dissolution case filed in San Joaquin County Superior Court should not be remanded for lack of jurisdiction); *Haggett v. Hill*, No. CV-192933 PSG MAAX, 2019 WL 12359430, at *1 (C.D. Cal. June 25, 2019) (issuing an Order to Show Cause why a family law case filed in Los Angeles Superior Court should not be remanded for lack of jurisdiction).

The district court therefore has "an independent obligation to address sua sponte whether this court has subject-matter jurisdiction." *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999).  If the district court has no subject matter jurisdiction, the action should be dismissed, "regardless of the parties' preference for an adjudication in federal court." *Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988) (if jurisdiction is lacking, the district court has "no power to do anything with the case except dismiss.") "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

A defendant may remove a civil action in state court to federal court if the federal court has original jurisdiction over the action.  28 U.S.C. § 1441(a).[3]  There is a "strong presumption"

---

[2] Because all parties appear to be residents of California according to Plaintiff's complaint, diversity jurisdiction would not be available here.  (Doc. 1 at 3, 5-6.)

[3] The Court notes that there may be potential procedural defects in the removal under 28 U.S.C. § 1446.  Plaintiff has not provided "a copy of all process, pleadings, and orders served upon" him in

1    against removal jurisdiction and the Court should "strictly construe the removal statute against

2    removal jurisdiction." *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d

3    1102, 1107 (9th Cir. 2010) (citing *Gaus v. Miles, Inc.,* 980 F.2d 564, 567 (9th Cir.1992)).  The

4    removing party therefore bears the burden of establishing that removal is proper. *Gaus*, 980 F.2d

5    at 566.

6    Plaintiff appears to be attempting to remove an action involving marital dissolution and

7    custody that was resolved in Madera County Superior Court.  (Doc. 10 at 7-10.)   "[F]ederal

8    courts have no jurisdiction over suits for divorce or the allowance of alimony." *Ankenbrandt v.*

9    *Richards*, 504 U.S. 689, 693 (1992); *United States v. Windsor*, 570 U.S. 744, 767 (2013)

10   ("Federal courts will not hear divorce and custody cases . . . because of 'the virtually exclusive

11   primacy of the States in the regulation of domestic relations.'") (quoting *Ankenbrandt,* 504 U.S.

12   at 714).  The states have "virtually exclusive province" to regulate domestic relations, *Sosna v.*

13   *Iowa*, 419 U.S. 393, 404 (1975), and a state law case cannot be removed to federal court if it

14   could not have been commenced in federal court initially.  28 U.S.C. § 1441(a).  *Bridgeman v.*

15   *Bridgeman*, No. S-08-0100 FCD DAD PS, 2009 WL 2914585, at *1 (E.D. Cal. Sept. 9, 2009)

16   ("Petitioner's family law case is not a case that could have been commenced in federal court and

17   this court would not have removal jurisdiction over the case if petitioner had followed proper

18   removal procedure.")

19   Plaintiff also pleads "violation of 4th, 5th, 6th, 8th and 14th amendments of the Bill of

20   Rights," but does not provide a factual basis for these claims.  (Doc. 1 at 2.)  Regardless, "[m]ere

21   reference to federal law is insufficient to permit removal." *Piette v. Koehn*, No. 2:12-CV-02517

22   MCE, 2012 WL 5199164, at *1 (E.D. Cal. Oct. 19, 2012) (citing *Smith v. Indus. Valley Title Ins.*

23   *Co.*, 957 F.2d 90, 93 (3d Cir. 1992)).

24   To the extent Plaintiff is requesting this Court review a state court judgment, he is

25   the State Court Action.  28 U.S.C. § 1446(a).  Because Plaintiff has not provided a copy of the
26   pleadings in the State Court Action, the Court is unable to determine whether the notice of
     removal was filed within the requisite 30 days after receipt by the defendant of a copy of the
27   initial pleading, or within 30 days after the service of summons upon the defendant.  28 U.S.C. §
     1446(b)(1).  However, the Court will refrain from determining whether removal was procedurally
28   proper at this time.

informed that district courts lack subject matter jurisdiction to do so. A district court may not

adjudicate an action seeking to reverse or nullify a final state court judgment. *Rooker v. Fidelity*

*Trust Co*., 263 U.S. 413, 415, 44 S.Ct. 149, 150 (1923); *District of Columbia Court of Appeals v.*

*Feldman*, 460 US 462, 483, 103 S.Ct. 1303, 1316 (1983). Known as the *Rooker-Feldman*

doctrine," the doctrine prohibits the loser in state court from avoiding its fate by trying to

persuade a federal district court that the state judgment violates the loser's federal rights.

Accordingly, the Court ORDERS Plaintiff to file supplemental briefing showing a basis

for subject matter jurisdiction in this action.

## CONCLUSION

For the reasons stated above, it is HEREBY ORDERED as follows:

1. Plaintiff is ORDERED to show cause, in writing, **within fourteen (14) days of**
   **service of this order**, why the Court should not recommend that this action be
   remanded back to Madera County Superior Court, pursuant to 28 U.S.C. § 1447(c), for
   lack of subject matter jurisdiction.

2. Plaintiff is cautioned that the failure to respond may result in a recommendation to
   dismiss of the entire action without prejudice. Fed. R. Civ. P. 41(b) (stating that
   dismissal is warranted "[i]f the plaintiff fails to . . . comply with . . . a court order");
   *see also Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir.
   2005). Further, an inadequate response will result in the Court recommending that
   supplemental jurisdiction over Plaintiff's state law claims be declined and that they be
   dismissed without prejudice pursuant to 28 U.S.C. § 1367(c).

IT IS SO ORDERED.

Dated:   **August 15, 2025**                    /s/ *Barbara A. McAuliffe*

UNITED STATES MAGISTRATE JUDGE