UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABEL ANTONIO ELISARRAVAZ,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>CAREY HAYDON et al.,<br><br>　　　　　　　Defendants. | Case No.  1:25-cv-00930-JLT-BAM<br><br>**FINDINGS & RECOMMENDATIONS TO REMAND THIS ACTION BACK TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>**FOURTEEN (14) DAY DEADLINE** |

On July 29, 2025, Plaintiff Abel Antonio Elisarravaz ("Plaintiff") removed this action from Madera County Superior Court.[1] (Doc. 1.) Plaintiff is proceeding *pro se* and paid the filing fee. Plaintiff brings claims against Carey Haydon, Gloria Elisarravaz, Judge Valdovinos, and Madera County Child Support. (*Id*.) Pursuant to the Court's independent obligation to address *sua sponte* whether the Court has subject matter jurisdiction, *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999), the Court reviewed the complaint. On August 18, 2025, the Court ordered Plaintiff to show cause why this action should not be remanded back to state court for

---

[1] *Elisarraraz v. Elisarraraz*, Case No. MFL018582, filed in the Superior Court of California, County of Madera (the "State Court Action").

1

1  lack of subject matter jurisdiction. (Doc. 11.) On September 12, 2025, Plaintiff timely filed his
2  Response to the Court's Order to Show Cause ("Response"). (Doc. 14.)
3        The Court has reviewed Plaintiff's Response and concludes that the Court does not have
4  subject matter jurisdiction. Accordingly, the Court recommends that this case be remanded back
5  to state court. Plaintiff's Motion to Expedite (Doc. 10) is DENIED as moot.

6  **I.   FACTUAL BACKGROUND**

7        Plaintiff appears to be challenging the Findings and Orders issued by the Madera County
8  Superior Court on July 30, 2025 regarding the disposition of marital assets, as well as his custody
9  arrangement and divorce proceedings more generally. (Doc. 10 at 8-10; Doc. 1 at 8-9.) Plaintiff
10 alleges that "[a]ll defendent [sic] stole and miss juice [sic] my Social Security Number and
11 violated my right of a father To see his daughter, Also violation of civil rights, False criminal
12 charges of child support, Identity theft. trying to sell my house without due process." (Doc. 1 at
13 8.) Plaintiff requests the following relief: "Award the plaintiff the divorse, [sic] Dismiss False
14 Charges, Award plaintiff $500,000 for each civil right violation, Restore Father's right to see his
15 daughter visitations 50/50 custody and file criminal charges for identity theft of my Social
16 Security Number stop the sale of my house by the Court." (*Id*. at 9.)
17       In Plaintiff's Response, Plaintiff alleges further that Defendants are "violateing [sic] my
18 civil right by garnishing my check and levy on my property on 12587 Rd 34 ½ Madera CA 93636
19 and by filing contempt of court not able to pay child support and fines." (Doc. 14 at 1-2.)
20 Plaintiff requests that he be able to "address custody and divorce and a later time" because "I'm
21 not an attorney I'm still doing the research and it takes longer for me to get all the information."
22 (Doc. 14 at 14.) Plaintiff attaches several exhibits to his Response, including an Interspousal
23 Transfer Deed, Preliminary Title Report, child support documents, pay stub, court documents
24 from the State Court Action, two "Dear Colleague" letters issued by the U.S. Department of
25 Justice addressing the assessment of fines and fees, and five forms claiming denial of rights under
26 color of law. (Doc 14.)
27 //
28 //

## II. LEGAL STANDARD

The Constitution confers limited authority to the federal courts. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337 (2016). "Jurisdiction is a threshold inquiry that must precede the adjudication of any case before the district court." *Chavez v. Chavez*, No. 2:24-CV-0808-DC-SCR, 2024 WL 4678921, at *1 (E.D. Cal. Nov. 5, 2024) (issuing an Order to Show Cause why Plaintiff's challenge to a marital dissolution case filed in San Joaquin County Superior Court should not be remanded for lack of jurisdiction); *Haggett v. Hill*, No. CV-192933 PSG MAAX, 2019 WL 12359430, at *1 (C.D. Cal. June 25, 2019) (issuing an Order to Show Cause why a family law case filed in Los Angeles Superior Court should not be remanded for lack of jurisdiction). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Generally, there are two bases for subject matter jurisdiction: (1) diversity jurisdiction; and (2) federal question jurisdiction. 28 U.S.C. §§ 1331, 1332.

Pursuant to 28 U.S.C. § 1332, federal district courts have diversity jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000," and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a)(1).

Pursuant to 28 U.S.C. § 1331, federal district courts have federal question jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see also* U.S. CONST. art. III, § 2. A case "arises under" federal law either "where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983)). The presence of federal question jurisdiction is governed by the "well-pleaded complaint rule," where "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

//

//

## III. DISCUSSION

### A. Diversity Jurisdiction

In the case of removal from state court, diversity is determined as of the time the complaint is filed and the case is removed. *Strotek Corp. v. Air Transp. Ass'n. of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002). Plaintiff's complaint provides that all defendants are citizens of California. (Doc. 1 at 5-6.) Thus, Plaintiff does not provide a basis for diversity jurisdiction.

### B. Federal Question Jurisdiction

A defendant may remove a civil action in state court to federal court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). There is a "strong presumption" against removal jurisdiction and the Court should "strictly construe the removal statute against removal jurisdiction." *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir.1992)). The Court must "resolve[] all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). "If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

In his Response, Plaintiff contends that the Court has subject matter jurisdiction of the action on the basis that Defendants are "violateing [sic] my civil right by garnishing my check and levy on my property on 12587 Rd 34 ½ Madera CA 93636 and by filing contempt of court not able to pay child support and fines." (Doc. 14 at 1-2.) Plaintiff contends that there are two federal questions at issue: (1) "is child support constitutional," and (2) "Does Family Court has [sic] jurisdiction. [sic] and the power to ignore Federal law." (*Id.* at 2.) Plaintiff further states that "Garnishment wages violates the CSEA and § 303 of the Consumer Credit Protection Act 15 U.S.C. § 1673." (*Id.*)

Plaintiff's complaint, at its core, is an attempt to appeal the state court's decisions related to his child support, custody, and divorce proceedings. (*See* Doc. 1 at 9; Doc. 14 at 1-2.) The relief sought by Plaintiff is to "[a]ward the plaintiff the divorse [sic], Dismiss False charges, Award plaintiff $500,000 for each civil right violation, Restore Father's right to see his daughter visitations 50/50 custody and file criminal charges for identity theft of my social security number

stop the sale of my house by the court." (Doc. 1 at 9.) State courts have "virtually exclusive province" to regulate domestic relations. *Sosna v. Iowa*, 419 U.S. 393, 404 (1975). It has been well established that "federal courts have no jurisdiction over suits for divorce or the allowance of alimony." *Ankenbrandt v. Richards*, 504 U.S. 689, 693 (1992); *United States v. Windsor*, 570 U.S. 744, 767 (2013) ("Federal courts will not hear divorce and custody cases . . . because of 'the virtually exclusive primacy of the States in the regulation of domestic relations.'") (quoting *Ankenbrandt*, 504 U.S. at 714). The Court has no jurisdiction to hear a case concerning domestic relations arising out of a divorce action or "when the primary issue concerns the status of parent and child or husband and wife." *Townsend v. Sullivan*, No. 08-3828 SBA, 2009 WL 112946, at *2 (N.D. Cal. Jan. 16, 2009) (holding same).

In his Response, Plaintiff puts forth federal statutory claims under 42 U.S.C. § 1983 (Doc. 14 at 6), the CSEA, and § 303 of the Consumer Credit Protection Act. (Doc. 1 at 2.) In the complaint, Plaintiff puts forth constitutional claims under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the U.S. Constitution.[2] (Doc. 1 at 2; Doc. 14 at 2.) Putting aside the propriety of asserting new claims in supplementary briefing, and whether or not Plaintiff could conceivably file a new federal complaint alleging such statutory and constitutional violations, Plaintiff has not provided a basis for removing a marital dissolution and custody dispute to this Court. *See Chavez*, 2024 WL 4678921, at *2.

Plaintiff's Response does not establish that the Court has jurisdiction. Regarding Plaintiff's request to "address custody and divorce and [sic] a later time," the Court declines to permit supplemental briefing on these issues. (Doc. 14 at 11.) The Court has reviewed the cases cited by Plaintiff in his Response (*id.* at 2-10) and finds that the cases do not provide a basis for jurisdiction. The Court cannot alter the state court's rulings relating to custody, child support, splitting of marital assets, or divorce as Plaintiff requests. (Doc. 1 at 8); *see Townsend*, 2009 WL

---

[2] The Court notes separately that under the doctrine of abstention, "'federal courts traditionally decline to exercise jurisdiction in domestic relations cases when the core issue involves the status of parent and child,' even when the plaintiff raises a constitutional claim." *Jimenez v. Stiles*, No. 1:18-CV-01729-DAD-JLT, 2019 WL 1405555, at *2 (E.D. Cal. Mar. 28, 2019) (quoting *Coats v. Woods*, 819 F.2d 236, 237 (9th Cir. 1987)).

112946, at *2.  Accordingly, remand of this case to the state court is "appropriate and mandatory." *Chavez*, 2024 WL 4678921, at *2 (citing 28 U.S.C. § 1447(c); *Geographic Expeditions*, 559 F.3d at 1107).

### C. *Rooker-Feldman* Doctrine

As the Court explained in its Order to Show Cause (Doc. 11 at 4-5), to the extent that Plaintiff is asking this Court to review or alter the State Court Action's final judgment ("Restore Father's right to see his daughter" and "Stop the sale of my house by the Court"), district courts lack subject matter jurisdiction to adjudicate an action seeking to reverse or nullify a final state court judgment.  *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 US 462, 483 (1983).  Under 28 U.S.C. § 1257, the U.S. Supreme Court has exclusive appellate jurisdiction over state court judgments.  *Lance v. Dennis*, 546 U.S. 459, 463 (2006).  Accordingly, the Court has no jurisdiction to review any final judgments in the State Court Action.

## IV. CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS:

1. That this action be remanded to the Madera County Superior Court, pursuant to 28 U.S.C. § 1447(c), for lack of subject matter jurisdiction;
2. Defendant's request to expedite the action (Doc. 10) be denied as moot by remand of the action to state court; and
3. The Clerk of Court close this file.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  **Objections, if any, shall not exceed fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.**  The parties are advised that failure to file objections within the

specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 23, 2025**          /s/ Barbara A. McAuliffe   
                                 UNITED STATES MAGISTRATE JUDGE